## 12138

### STATE v. BUSBEE

#### (136 S. E., 209)

CRIMINAL LAW—REFUSAL TO PERMIT DEFENDANT TO TESTIFY OF OFFICER'S STATEMENT THAT DEFENDANT WAS NOT RIGHT MAN HELD NOT ERRONEOUS.—Refusal to permit defendant, in liquor prosecution, to answer question as to statement made by officer investigating case, that defendant was not right man, *held* not erroneous.

Before FEATHERSTONE, J., Newberry, June, 1926. Affirmed.

J. B. Busbee was convicted of transporting liquor, and he appeals.

*Mr. C. T. Graydon,* for appellant, cites: *Accessory before fact cannot be convicted on indictment as principal:* 118 S. C., 327; 110 S. E., 807. *Cases distinguished:* 101 S. C., 277; 85 S. E., 599; 21 S. C. L., 90; 11 S. C. L., 34.

*Messrs. Hunt, Hunt & Hunter,* also for appellant.

*Mr. Homer S. Blackwell, Solicitor,* for respondent.

January 10, 1927.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant, J. B. Busbee, was indicted on two counts, one for transporting alcoholic liquors in Newberry County, and the other for storing such liquors in Newberry County. To these indictments the defendant pleaded not guilty, was tried at June, 1926, term of Court of General Sessions for Newberry County, and was found guilty on count of transporting by the jury and sentenced by the presiding Judge, as follows:

"The sentence of the Court is: That you J. B. Busbee be confined in the state penitentiary at such labor as he may be able to perform for a period of twelve (12) months, but upon the payment of a fine of one hundred ($100) dollars, all of this sentence be suspended during your good behavior except four (4) months. From said verdict and sentence, due notice of appeal was given."

There are seven exceptions; exception 4 was withdrawn at the hearing.

The questions raised by the exceptions are:

"(1) In a joint indictment in common form for transporting whisky against two parties not alleging conspiracy and not alleging the facts upon which the charge is based, can the defendant, who was admittedly never in Newberry County, be convicted as a principal and be sentenced therefor?

"(2) Did the Judge err in refusing to direct a verdict in behalf of the defendant, in the absence of the charge of conspiracy or facts set forth that he was an accessory?

"(3) Did the circuit Judge err in refusing to allow the defendant, Busbee, to answer the question as to a statement made by an officer investigating the case that Busbee was not the right man?"

The evidence shows, and the jury believed, that the appellant was the guiding spirit in the transportation of the liquor, he owned the car, owned the liquor, and hired the

driver, and directed him where to get the liquor and to carry it somewhere in Newberry County, where the appellant would meet the driver of his car and receive the liquor.

There was enough evidence in the case from circumstances, facts and testimony to infer that the appellant was in Newberry County that day for the purpose of receiving the liquor, and that he knew where his car was from time to time, and when the car was chased by the officers he hid out, and did not make himself known. There is a strong probability that he would have received the liquor, but was frustrated by the officers.

We see no error as made by the exceptions, and think his conviction was proper.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER and MR. ACTING ASSOCIATE JUSTICE PURDY concur.